IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GINA RENEE GALLEGOS,

      Plaintiff,

vs.                                         CIVIL NO.  12-1147 LFG/ACT

RIO GRANDE CREDIT UNION,

      Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. *Pro se* Plaintiff Gina Renee Gallegos ("Gallegos") filed a *pro se* form Complaint [Doc. 1], alleging that she was bringing her lawsuit against the Rio Grande Credit Union under provisions of 42 U.S.C. § 1983.

Section 1983 only authorizes relief against those who violate a person's civil rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An individual who asserts a claim for relief under § 1983 must satisfy two elements: "(1) the plaintiff must allege that some person has deprived him of a federal right; and (2) he must allege that the person who deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); West, 487 U.S. at 48.

In her *pro se* Complaint, Gallegos makes allegations that go to the first element, that is, that she purportedly was deprived of a federally protected right when she was wrongfully terminated due to her protected status. [Doc. 1, at 2(B)(1)]. However, she did not allege, nor does it appear she could allege, that she was deprived of that right by someone acting under color of state law.

In West, the United States Supreme Court explained in detail the definition of acting under color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id., 487 U.S. at 49 (internal citations omitted). To constitute state action,

> "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." "[S]tate employment is generally sufficient to render the defendant a state actor." It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.

Id. at 49-50 (internal citations omitted).

Accordingly, Gallegos is required to plead that a state or local official acting in conformity with or in violation of state or local law deprived her of a federal right. *See, e.g.,* Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157 n. 5 (1978) (*quoting* Adickes v. S & H Kress and Co., 398 U.S. 144, 152 (1970)). The Rio Grande Credit Union is not a state agency, and its officers do not act under color of state or local law. Thus, essential pleading requirements, which are a prerequisite to a § 1983 claim, are lacking.

Gallegos, as a *pro se* litigant is entitled to have her pleadings liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Indeed, in liberally construing her pleadings, Defendant prepared a Joint Status Report and Provisional Discovery Plan ["JSR"].[1] [Doc 12].

---

[1] The JSR indicates that it was prepared without the benefit of Gallegos's input in that she failed to contact opposing counsel; did not have a telephone number that would accept messages or forward calls; and did not respond to a letter seeking her input for the JSR.

Defendant read Gallegos' Complaint as seeking to assert a Title VII claim.

> This is a case involving claims of alleged discrimination on the basis of gender (female), race (Hispanic) and pregnancy, and retaliation under Title VII, and a state law claim of wrongful termination brought by Gallegos.

[Doc. 12, at 1].

The Court agrees that it is likely that Gallegos seeks to prosecute a claim under Title VII of the Civil Rights Act of 1964. Without determining the viability of that claim, the Court's present concern is with the purported 42 U.S.C. § 1983 claim.

Accordingly, the Court directs Gallegos to show cause, if any she has, why the 42 U.S.C. § 1983 claim should not be dismissed with prejudice, as it brought against a private, non-governmental entity, which did not act under color of state or local law. Gallegos's response should be filed no later than June 24, 2013. Failure to respond to the Court's Order to Show cause can result in imposition of sanctions, including dismissal of the case. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge