IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GINA RENEE GALLEGOS,

        Plaintiff,

vs.                                            CIVIL NO.  12-1147 LFG/ACT

RIO GRANDE CREDIT UNION,

        Defendant.

## AMENDED ORDER DISMISSING PLAINTIFF'S
## 42 U.S.C. § 1983 CLAIM WITH PREJUDICE

On June 7, 2013, the undersigned Magistrate Judge issued an Order to Show Cause [Doc. 26].  *Pro se* Plaintiff, Gina Renee Gallegos ("Gallegos"), was directed to show cause why her civil rights claim brought under provisions of 42 U.S.C. § 1983 should not be dismissed with prejudice.

The Court's Order noted two prerequisites for bringing a claim under 42 U.S.C. § 1983:

> "(1) the plaintiff must allege that some person has deprived him of a federal right; and (2) he must allege that the person who deprived him of that right acted under color of state or territorial law."  Gomez v. Toledo, 446 U.S. 635, 640 (1980); West [v. Atkins, 487 U.S. 42, 48 (1988)].

[Doc. 26, at 1].

While Gallegos' Complaint [Doc. 1] alleged a violation of a federally protected right, she did not allege, and, indeed, could not allege that the deprivation was caused by someone acting under color of state law.  Defendant Rio Grande Credit Union is not a state agency, and its officers or employees do not act under color of state law.  Thus, an essential pleading requirement, which is a prerequisite to a § 1983 claim, is lacking.

Gallegos failed to address the Court's concerns. Her Response to the Order to Show Cause [Doc. 33] acknowledges that Defendant credit union is not a governmental entity, but is a private actor. She states, "[e]ven though they are a private company they must still follow the NM State laws . . . ." [Doc. 33, at 1]. In this concession, she impliedly acknowledges that her 42 U.S.C. § 1983 claim is improper. The vast majority of her Response to the Order to Show Cause does not deal with the § 1983 question at all, but, rather, relates to a proposed expansion of a civil complaint.

As those portions of the Response have no bearing on the two-fold requirements for a § 1983 claim, they are not considered.

IT IS THEREFORE ORDERED that that portion of Gallegos' Complaint wherein she seeks to assert a claim against Defendant pursuant to 42 U.S.C. § 1983 is dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge